ORIGINAL

FILED

05/10/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0343

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0343

FILED

MAY 10 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF THE ESTATE OF
ADA E. ELLIOT,

        Deceased.

O R D E R

The Court's Order of March 1, 2022 (Order), noted the unfortunate death of Appellant Ian Elliot on December 19, 2021, following his filing of a pro se Opening Brief. Appellee Joseph Womack, special administrator of the Estate, filed his Answer Brief on December 21, 2021. After a notice and status report were filed by Ann Sargent and Jenny Jing requesting the appeal not be dismissed and that they be permitted to file Ian's reply brief, the Court entered the Order explaining that substitution of Ian's personal representative(s) would be appropriate under M. R. App. P. 25(1). In that regard, we noted that, while Ian could properly represent himself "pro se" in the appeal, his estate must be represented by legal counsel, and could not be represented by individuals acting "pro se," as indicated on the notices filed by Sargent and Jing. We further explained that a reply brief is not a mandatory filing for an appellant, but optional. M. R. App. P. 12(3). We explained that, while we were willing to grant some time for a personal representative to be appointed and to move for substitution for purposes of filing a reply brief, we could not postpone the appeal indefinitely, as the administration of the subject estate had to be finalized, and the appeal had already been adequately briefed for decision under the Rules of Appellate Procedure. Consequently, we granted 60 days for substitution of Ian's personal representative under Rule 25 and for appearance of counsel for purposes of filing

a reply brief, and ordered that, "[f]ailing such, the Court will thereafter properly decide the appeal based upon the current briefing." *Order*, March 1, 2022, p. 2.

The Order was entered over two months after Ian's passing, yet substitution did not occur within the following 60-day time period. Rather, Ann Sargent and Jenny Jing filed a motion to intervene in this appeal, and for an extension of time in which to file a pro se reply brief. Sargent and Jenny's request states that they "do not ask to file an Intervenor's brief, but ask to complement Ian's Opening Brief with our reply to Womack's Answer Brief."

Sargent and Jing are attempting to substitute themselves in the place of Ian to file a pro se reply brief on Ian's behalf when they have no authority to do so, and without complying with the Rules of Appellate Procedure. They are not asserted heirs of the Estate now before the Court, but, rather, asserted heirs of Ian's Estate, and have not sought substitution herein as appointed personal representative(s) of Ian's Estate. Finally, this matter cannot be delayed further. Therefore,

IT IS ORDERED that the motion for intervention is DENIED. In accordance with the Court's prior Order, and the time for substitution of the Appellant's personal representative having expired, the Court will decide the appeal based upon the briefing previously filed by the parties.

The Clerk is directed to provide copies of this Order to all counsel of record, and to Ann Sargent and Jenny Jing.

DATED this 10 day of May, 2022.

_____
Chief Justice

_____

_____

_____

_____
                    Justices